UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KYLE ARTHUR STEFFENS,
    *Plaintiff*,

  v.

MELISSA LEIGH KAMINSKY (a.k.a. Missy Galore),
    *Defendant*.

No. 3:20-cv-737 (JAM)

### ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Kyle Arthur Steffens has filed a *pro se* and *in forma pauperis* complaint for defamation against Melissa Leigh Kaminsky (a.k.a. Missy Galore). Because it appears that the complaint does not allege facts that give rise to plausible grounds to conclude that there is federal jurisdiction, I am issuing this order to show cause for Steffens to file a response explaining why the complaint should not be dismissed.

#### BACKGROUND

The complaint alleges that Steffens has an "unknown" street address in Hartford, Connecticut. Doc. #1 at 1. The defendant is allegedly an "artist" from Los Angeles, California who goes by the name "Missy Galore." *Id.* at 2. As a basis for federal jurisdiction, the complaint alleges "Defamation of Character" under 28 U.S.C. § 4101. *Id.* at 3.

Under the heading of "Statement of Claim," the complaint alleges the following: "Her claim that I 'almost killed her' has made me to be ordered repeatedly Beat Dead. Her video on a News Channel Sac & Co @https://youtu.be/6knz9eo5wF4." *Id.* at 4. Under the heading of "Relief," the complaint alleges the following: "Removal of video by court order my reputation has been thoroughly hurt. Request damages of $28,000. (Twenty Eight Thousand Dollars)."

1

*Ibid.* The complaint alleges no additional facts concerning either its statement of claim or relief.

I have reviewed the video at the YouTube link referenced in the complaint. It bears a title of "Shamatrix Missy Galore live on Sac&Co" and reflects that the video was posted on August 11, 2016. The video shows an approximately five-minute clip of what appears to be a television program featuring a conversation between a television host and someone named Missy Galore. During the conversation Missy Galore tells the television host about her feelings and about a time in her life when she had a "situation of domestic violence" where "I was living with my fiancé, and he had a psychotic break" and "almost killed me" and "I barely escaped with my life." The video does not identify Steffens by name or the name of the fiancé. Missy Galore goes on in the video to talk about how she has since gotten in "touch with my inner child" and how it has "reminded me that life is love and that we all deserve love." Missy Galore then discusses how she has developed a self-help "inner child empowerment technique" known as "Fluff the Goodness" involving musical performances, workshops, and interactive art installations that she shares with others.

## DISCUSSION

This Court has authority to review and dismiss an *in forma pauperis* complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for the Court's exercise of jurisdiction as well as for the grant of relief. *See,*

*e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155–56 (D. Conn. 2016).

It is a very basic principle that federal courts are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). In general, federal courts have "federal question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Federal courts also have "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. A federal court must dismiss a complaint if at any time it is clear that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

It does not appear to me that the complaint in this case alleges facts to plausibly establish federal question jurisdiction. Although the tort of defamation is a well-recognized cause of action under state common law, federal law does not create a general cause of action or provide a basis for federal question jurisdiction for defamation. *See, e.g., Siegert v. Gilley,* 500 U.S. 226, 233-34 (1991); *McMillan v. Togus Regional Office, Dept. of Veterans Affairs*, 120 Fed.Appx. 849, 852 (2d Cir. 2005); *Bartel v. F.A.A.*, 725 F.2d 1403, 1405 n.2 (D.C. Cir. 1984). To be sure, the term "defamation" is defined by federal law under 28 U.S.C. § 4101, which the complaint cites, but this definition appears within the context of a statute that allows for actions involving recognition of foreign defamation judgments. *See* 28 U.S.C. § 4102 *et seq*. This statute does not create federal question jurisdiction or a general federal cause of action for defamation occurring within the United States. *See Renxiong Huang v. Minghui.org*, 2018 WL 3579103, at *5 (S.D.N.Y. 2018). Accordingly, it does not appear that Steffens' defamation claim arises under federal law to allow for federal question jurisdiction under 28 U.S.C. § 1331.

Nor does it appear that the complaint alleges sufficient facts to give rise to diversity jurisdiction under 28 U.S.C. § 1332. Although the complaint alleges that Steffens is a citizen of a different State than Kaminsky, it alleges damages of only $28,000–well below the $75,000 threshold required for purposes of diversity jurisdiction.

In short, even assuming that the complaint alleges a valid claim for defamation, it does not appear that there is any basis for federal jurisdiction over this action. In the ordinary course, however, a court should not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state my concerns so that Steffens may file a response.

## CONCLUSION

For the reasons stated above, it appears that the complaint fails to state facts that give rise to plausible grounds for the exercise of federal jurisdiction. If Steffens has grounds to show why his complaint should not be dismissed, he shall file a response to this order to show cause by **June 12, 2020**. In the absence of a timely and satisfactory response, the Court is likely to dismiss the complaint without prejudice to Steffens' re-filing of a complaint in an appropriate state court which may have jurisdiction over this action.

It is so ordered.

Dated at New Haven this 2d day of June 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge